AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Delaware

United States of America
v.

J. Jesus ESPINOZA-MEDINA

*Defendant(s)*

Case No. 25 - 378M

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 9, 2025 in the county of New Castle in the District of Delaware, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 8 U.S.C. § 1326(a) | Illegal Reentry After Removal |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

/s/ John Hanlon
*Complainant's signature*

John Hanlon, Deportation Officer, ICE
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed R. Crim. P.4.1 and 4(d).

Date: 7/10/2025

*Judge's signature*

City and state: Wilmington, DE

The Honorable Eleanor G. Tennyson, U.S. Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**J. Jesus ESPINOZA-MEDINA** | **Criminal Action No. 25 -** 378M |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, John Hanlon, being duly sworn, hereby declare and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Deportation Officer with Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") and am assigned to the Dover, Delaware office ("ICE Dover"). I have been employed by ICE since January 2, 2007. My duties routinely include the investigation of violations of the federal criminal statutes concerning immigration offenses, including the reentry of illegal aliens into the United States.

2. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws.

3. This affidavit is made in support of a criminal complaint and arrest warrant for J. Jesus ESPINOZA-MEDINA ("ESPINOZA-MEDINA") for violation of Title 8, United States Code, Section 1326(a), Unlawful Reentry into the United States after Removal.

4. The statements in this affidavit are based upon information provided in DHS/ICE records, including the relevant Alien File ("A-File"), National Crime Information Center ("NCIC") records, Federal Bureau of Investigation ("FBI") records, and by my own observations and previous

interviews. Because this affidavit is being submitted for the limited purpose of establishing probable cause for ESPINOZA-MEDINA's arrest, I have not included every fact known to me about this investigation. Rather, I have set forth only the facts necessary to establish probable cause that ESPINOZA-MEDINA violated 8 U.S.C. §1326(a).

**PROBABLE CAUSE**

5. On July 9, 2025, ESPINOZA-MEDINA was administratively arrested by ICE Dover for being in the United States without documentation. Pursuant to that arrest, ICE Dover obtained ESPINOZA-MEDINA's fingerprints and submitted them to the Integrated Automated Fingerprint Identification System ("IAFIS") for identification. The results of the query showed that these fingerprints matched the contents of A-File number XXXXXX745 ("A-File #XXXXXX745"). A-File #XXXXXX745 is associated with the name of "J. Jesus ESPINOZA-MEDINA" and contains, inter alia, the individual's biographical information, records of previous immigration encounters, photographs, and fingerprints. Your affiant also queried ESPINOZA-MEDINA's fingerprints in the FBI database. The results of that query showed that these fingerprints matched FBI number XXXXXAH6 associated with ESPINOZA-MEDINA.

6. Your affiant's review of DHS/ICE records and ESPINOZA-MEDINA's A-File #XXXXXX745 indicate the following:

a. ESPINOZA-MEDINA, born in Mexico, is a citizen and national of Mexico.

b. On or about October 21, 2014, ESPINOZA-MEDINA was arrested by the United States Border Patrol ("USBP") as he attempted to enter the United States without admission, inspection, or parole from an immigration officer. Fingerprints were obtained from ESPINOZA-MEDINA pursuant to his arrest. On October 22, 2014, ESPINOZA-MEDINA was issued an Order of Expedited Removal to Mexico. ESPINOZA-MEDINA was physically removed to Mexico on

October 23, 2014.

c. On or about June 12, 2015, ESPINOZA-MEDINA was arrested by USBP as he attempted to enter the United States without admission, inspection, or parole from an immigration officer. Fingerprints were obtained from ESPINOZA-MEDINA pursuant to his arrest. On June 13, 2015, ESPINOZA-MEDINA was issued a Notice of Intent to Reinstate a Prior Order of Removal to Mexico. ESPINOZA-MEDINA was physically removed to Mexico on June 13, 2015.

d. On or about June 16, 2015, ESPINOZA-MEDINA was arrested by USBP as he attempted to enter the United States without admission, inspection, or parole from an immigration officer. Fingerprints were obtained from ESPINOZA-MEDINA pursuant to his arrest. On June 17, 2015, ESPINOZA-MEDINA was issued a Notice of Intent to Reinstate a Prior Order of Removal to Mexico. ESPINOZA-MEDINA was physically removed to Mexico on June 17, 2015.

e. On or about September 22, 2015, ESPINOZA-MEDINA was arrested by USBP as he attempted to enter the United States without admission, inspection, or parole from an immigration officer. Fingerprints were obtained from ESPINOZA-MEDINA pursuant to his arrest. On September 23, 2015, ESPINOZA-MEDINA was issued a Notice of Intent to Reinstate a Prior Order of Removal to Mexico. ESPINOZA-MEDINA was physically removed to Mexico on November 21, 2015.

f. On or about October 24, 2016, ESPINOZA-MEDINA was arrested by USBP as he attempted to enter the United States without admission, inspection, or parole from an immigration officer. Fingerprints were obtained from ESPINOZA-MEDINA pursuant to his arrest. On October 26, 2016, ESPINOZA-MEDINA was issued a Notice of Intent to Reinstate a Prior Order of Removal to Mexico. ESPINOZA-MEDINA was physically removed to Mexico on January 10, 2017.

g. The records contain no indication that ESPINOZA-MEDINA obtained permission from the United States Secretary of Homeland Security[1] to re-enter the country.

///

[1] This function was transferred to the Secretary of Homeland Security on March 1, 2003. *See* 6 U.S.C. §§ 202, 251, 557.

**CONCLUSION**

WHEREFORE, your affiant submits that there is probable cause to believe that ESPINOZA-MEDINA, a citizen and national of Mexico, was found in the United States on July 9, 2025, after having been removed therefrom to Mexico five times (October 13, 2014; June 13, 2015; June 17, 2015; November 21, 2015; and January 10, 2017), and without the express consent of the United States Secretary of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

*/s/ John Hanlon*

John Hanlon
Deportation Officer
United States Immigration & Customs Enforcement

Sworn to me over the telephone and signed by me pursuant to
Fed. R. Crim. P. 4.1 and 4(d), this 10th day of July 2025

HONORABLE ELEANOR G. TENNYSON
United States Magistrate Judge District of Delaware